## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAMANTHA RIVERA,<br>INDIVIDUALLY AND AS NEXT<br>FRIEND TO ANDRU CERVANTES, A<br>MINOR, STEPHANIE CRIM, AS NEXT<br>FRIEND TO JOHN HENRY<br>CERVANTES, JR. AND PATRICE<br>MARIE CERVANTES,<br>MINORS AND JOSEPHINE MENDEZ, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| VS. | ) | **Civil Action No.  SA-06-CA-235-XR** |
| | ) | |
| CITY OF SAN ANTONIO AND SAN<br>ANTONIO POLICE OFFICERS<br>REYNALDO MONTES AND RACHEL<br>BARNES, INDIVIDUALLY AND IN<br>THEIR OFFICIAL CAPACITIES, | )<br>)<br>)<br>)<br>) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

On this date, the Court considered Henry B. Cervantes' Unopposed Motion in Intervention. For the reasons discussed below, the motion is GRANTED (Docket No. 38).  Henry B. Cervantes is ORDERED to file his Complaint in Intervention by **January 9, 2007.**

### I. Factual & Procedural Background

Samantha Rivera alleges that on March 2, 2006, she and John Henry Cervantes, Jr., were involved in a domestic disturbance in their home at approximately 12:15 a.m.  She claims that Cervantes was her common-law husband, which the City disputes.  During the domestic disturbance, Rivera called 911, but she was unable to speak to an operator because Cervantes pulled the phone

cord out of the wall. Rivera and Cervantes continued to argue and struggle in their bedroom until an unexpected sound was heard emanating from the living room. Rivera alleges that she and Cervantes both froze upon hearing this sound. She further alleges that their bedroom was clearly lit by a ceiling light and a television. At this moment, Cervantes was wearing a sleeveless undershirt that did not obstruct the view of his hands and arms. Rivera alleges that she was standing five to six feet from Cervantes when San Antonio Police Officer Montes entered the bedroom and fired his revolver at Cervantes without any warning or command and without identifying himself. The bullet struck Cervantes in the front torso, and he died between 10 minutes and two hours later as a result of this wound. Rivera complains that Officers Montes and Barnes[1] prevented her from seeking medical attention for Cervantes, and they delayed his transport to a hospital for at least one hour.

Defendant Officers allege that they were responding to Rivera's 911 call when they entered the residence and heard someone crying for help. When they entered the house, the Officers observed shattered glass on the floor and bloodstains on the wall. Montes alleges that he followed the sound of the cries for help to the bedroom and discovered Cervantes in the act of physically assaulting a bloodied Rivera with a series of "stab-like" blows. Montes claims that Cervantes failed to comply with his command to stop. Instead, Montes states that Cervantes charged at him with raised arms in a stab-like fashion. Montes argues that this act placed him in imminent fear of death or serious bodily injury, at which point he fired his weapon, fatally injuring Cervantes. Officers Montes and Barnes deny that EMS personnel were not called to the scene in a timely manner.

This case was originally brought by the following Plaintiffs: Samantha Rivera, individually

---

[1]Officer Barnes was the backup officer for Officer Montes. No party asserts that her weapon was discharged during this incident.

and as next friend to Andru Cervantes, a minor; Stephanie Crim, as next friend to John Henry Cervantes, Jr. and Patrice Marie Cervantes, minors; and Josephine Mendez.  Samantha Rivera is the alleged common-law wife of the decedent.  Josephine Mendez is the natural mother of the decedent. Andru Cervantes (1 year old), John Henry Cervantes, Jr. (8 years old), and Marie Cervantes (5 years old) are the children of the decedent.  Thus, the wife, children, and mother of the decedent initially brought this case.

In a previous Order, the Court granted in part and denied in part the Defendants' motion to dismiss.  *See* Docket No. 37.  The Court ordered Plaintiffs to file a Rule 7 reply to Defendants' qualified immunity defense to the section 1981 claims against Officers Montes and Barnes, the section 1983 individual capacity claim against Officer Barnes for failure to protect from the use of excessive force, and the section 1983 individual capacity claims against Officers Montes and Barnes for deprivation of the right to familial association.  The Court stated that it will postpone ruling on the motion to dismiss these claims pending receipt of a Rule 7 reply to Defendants' qualified immunity defense.  Those Rule 7 replies are now due January 31, 2007.  *See* Docket No. 42.

The motion to dismiss the section 1983 individual capacity claims against Officer Montes for (1) the use of excessive force and (2) deprivation of a pretrial detainee's constitutional right to medical care was denied.  The motion to dismiss the section 1983 individual capacity claim against Officer Barnes for deprivation of a pretrial detainee's constitutional right to medical care was denied, and the motion to dismiss the section 1983 claims against the City was denied. The motions to dismiss the state law intentional tort claims, state law wrongful death claims, and the exemplary damages claims against Officers Montes and Barnes were denied.  All other claims against the Defendants were dismissed.

On November 28, 2006 Henry B. Cervantes ("Intervenor"), the father of decedent John Henry Cervantes, filed this motion in intervention in order to participate in this case. Intervenor requests permission to file his Complaint in Intervention, which was attached to his motion. Intervenor wishes to file suit in his own capacity and as the representative of the estate of John Henry Cervantes. No party responded to this motion before the eleven day deadline. *See* Local Rule CV-7(d).

## II. Legal Analysis

"Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Federal Rule of Civil Procedure 24 governs intervention and provides grounds for mandatory and permissive intervention.[2] FED. R. CIV. P. 24; *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996). Rule 24(a)(2) allows an individual to intervene as a matter of right "[u]pon timely application . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. CIV. P. 24(a)(2). Rule 24(b)(2) provides a mechanism for an individual to permissively intervene into an existing action, "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b)(2). In evaluating an individual's right to permissively intervene, "the court shall consider whether the intervention will

---

[2] Rule 24(a)(1) and (b)(1) are inapplicable to Intervenor's motion because he has not asserted that any statute confers upon her a right or conditional right to intervene. FED. R. CIV. P. 24(a)(1), (b)(1).

unduly delay or prejudice the adjudication of the rights of the original parties." *Id*.

**A.      Timeliness of Intervenor's Motion**

Rule 24(a) and (b) both require Intervenor's motion to be timely filed. FED. R. CIV. P. 24. The timeliness of an application to intervene "is not limited to chronological considerations", but depends on all the circumstances of each case. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). A court's evaluation of the timeliness of an application should focus on the following factors: (1) the length of time the intervenor knew or should have known of her interest in the case; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if her application is denied; and (4) the existence of unusual circumstances. *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003) (citing *Stallworth*, 558 F.2d at 644-49). Once the application is determined to be timely, the court determines whether the intervention should be granted permissively or as of right. *See Stallworth*, 558 F.2d at 268.

The Court finds that the motion to intervene was timely filed. The Court recently granted a motion amending the Scheduling Order in this case. All discovery must now be completed by May 31, 2007, and dispositive motions are due by June 1, 2007. Trial is currently set for July 9, 2007. Significant discovery in this case has just recently begun. Intervenor's proposed complaint is substantially similar to the Original Complaint filed by Plaintiffs. Based on the current status of discovery in the case, the other parties' failure to object, and the similarity of the claims asserted, the Court finds that allowing the intervention will not prejudice the existing parties. No unusual circumstances are present. Although this case was originally filed on March 17, 2006, substantial time remains for the Intervenor to participate in discovery and pursue his claims. The Court finds

that Defendants will not be unduly burdened and that allowing intervention will prevent the needless expenditure of resources in substantially similar parallel litigation. Having determined that the motion to intervene was timely filed, the Court must now consider whether the intervention should be granted permissively or as of right.

**B.      Rule 24(a)(2) - Mandatory Intervention**

Rule 24(a)(2) intervention as a matter of right is proper if: (1) the application is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair her ability to protect that interest; and (4) the applicant's interest is inadequately represented by the existing parties. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). Failure to meet any of these requirements precludes Rule 24(a)(2) intervention. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc). Intervention of right requires a direct, substantial, legally protectable interest in the proceedings. *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 61 (5th Cir. 1987). A presumption of adequate representation exists when the ultimate goals of the intervening party are identical to those of an existing party. *Id.* at 1005. To overcome this presumption, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party." *Id.*

If this case is decided in favor of Defendants, Intervenor's ability to protect his legal interests will be impaired. An adjudication on the merits of Plaintiffs' claims might preclude Intervenor from later asserting similar or identical claims in another forum. Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. 42 U.S.C. § 1988(a); *Pluet v. Frasier*, 355 F.3d 381, 383-84 (5th

-6-

Cir. 2004). Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988. *See Rhyne v. Henderson County*, 973 F.2d 386, 390-91 (5th Cir. 1992)(finding that standing under Texas wrongful death and survival statutes is incorporated into the Federal Civil Rights Statutes); *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir. 1961). Under the Texas Survival Statute, "[a] personal injury action survives . . . in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code § 71.021(b). Under the Texas Wrongful Death Statute, the surviving spouse, children, and parents of the deceased have the right to recover damages under the statute. *Id.* at § 71.004. Intervenor, the decedent's father, has standing to pursue these claims in his own capacity under the Texas Wrongful Death Statute. If, in fact, he qualifies as the representative of the estate of the decedent, he may bring a claim on behalf of the estate under the Texas Survival Statute. The Court notes that no Plaintiff currently represents the interest of the decedent's estate and that Intervenor seeks to assume that role. Thus, Intervenor has an interest relating to the property or transaction which is the subject of the action, and Intervenor seeks to vindicate two distinct legal interests that are not currently represented by Plaintiffs.

A presumption of adequate representation exists when the ultimate goals of the intervening party are identical to those of an existing party. *Edwards*, 78 F.3d at 1005. To overcome this presumption, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party." *Id.* In this case, the ultimate goals of the intervening party are not identical to the Plaintiffs because Intervenor seeks to vindicate the legal interests of the decedent's estate, which is not currently represented by Plaintiffs. The Supreme Court held in 1972 that the burden of demonstrating inadequate representation is "minimal" and that the requirement

-7-

"is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). Intervenor has chosen to retain a different attorney than Plaintiffs, his personal financial interests may be inadequately represented by Plaintiffs, and he seeks to vindicate two distinct legal interests that are not represented by Plaintiffs. The Court finds that mandatory intervention is appropriate in this case.

## C.   Rule 24(b)(2) - Permissive Intervention

Rule 24(b)(2) permissive intervention is a matter wholly discretionary with the district court as long as the intervenor's claims or defenses and the main action have a common question of law or fact. *Stallworth*, 558 F.2d at 269. In *Hopwood v. State of Texas*, the Fifth Circuit stated that "we have never reversed a lower court's decision on Rule 24(b) intervention." 21 F.3d 603, 605 (5th Cir. 1994). The Court will rely on Rule 24(b)(2) as an alternative ground for allowing this intervention. It is clear that Intervenor's claims have a common question of law or fact with Plaintiffs' claims. The Court also finds that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

## D.   Procedural Considerations

Intervenor is ORDERED to file his Complaint in Intervention by **January 9, 2007.** The Court notes that Intervenor seeks to assert claims against Defendants that were previously dismissed by the Court in its November 15, 2006 Order (Docket No. 37). If Intervenor does not amend his Complaint in Intervention by deleting those previously dismissed claims, then those claims will be subject to dismissal under Rule 12(b)(6) upon motion by Defendants.

### III. Conclusion

The motion in intervention is GRANTED (Docket No. 38). Henry B. Cervantes is

ORDERED to file his Complaint in Intervention by **January 9, 2007.**

It is so ORDERED.

SIGNED this 12th day of December, 2006.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE