UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAMANTHA RIVERA, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | Civil Action No.  SA-06-CA-235-XR |
| ) | |
| CITY OF SAN ANTONIO, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER**

On this date, the Court considered Defendants' motion to dismiss (docket no. 55).  For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

**I. Factual & Procedural Background**

Samantha Rivera alleges that on March 2, 2006, she and John Henry Cervantes, Jr., were involved in a domestic disturbance in their home at approximately 12:15 a.m.  She claims that Cervantes was her common-law husband.  During the domestic disturbance, Rivera called 911, but she was unable to speak to an operator because Cervantes pulled the phone cord out of the wall. Rivera and Cervantes continued to argue and struggle in their bedroom until an unexpected sound was heard emanating from the living room.  Rivera alleges that she and Cervantes both froze upon hearing this sound.  She further alleges that their bedroom was clearly lit by a ceiling light and a television.  At this moment, Cervantes was wearing a sleeveless undershirt that did not obstruct the view of his hands and arms.  Rivera alleges that she was standing five to six feet from Cervantes when San Antonio Police Officer Montes entered the bedroom and fired his revolver at Cervantes

1

without any warning or command and without identifying himself. The bullet struck Cervantes in the front torso, and he died between 10 minutes and two hours later as a result of this wound. Rivera complains that Officers Montes and Barnes prevented her from seeking medical attention for Cervantes, and they delayed his transport to a hospital for at least one hour.

Defendant Officers allege that they were responding to Rivera's 911 call when they entered the residence and heard someone crying for help. When they entered the house, the Officers observed shattered glass on the floor and bloodstains on the wall. Montes alleges that he followed the sound of the cries for help to the bedroom and discovered Cervantes in the act of physically assaulting a bloodied Rivera with a series of "stab-like" blows. Montes claims that Cervantes failed to comply with his command to stop. Instead, Montes states that Cervantes charged at him with raised arms in a stab-like fashion. Montes argues that this act placed him in imminent fear of death or serious bodily injury, at which point he fired his weapon, fatally injuring Cervantes. Officers Montes and Barnes deny that EMS personnel were not called to the scene in a timely manner.

## II. Plaintiffs' Allegations

Plaintiffs bring their suit alleging violations of 42 U.S.C. § 1983, claiming that Defendants violated Cervantes' Fourth Amendment rights of privacy and to be free from unreasonable searches and seizure. In addition, Plaintiffs allege that Defendants used excessive force and failed to provide adequate supervision and training. Further, Plaintiffs allege that the City of San Antonio sanctioned a custom, practice or policy of using excessive and deadly force. Plaintiffs further allege that the City had a custom, practice or policy of ignoring training needs, failing to discipline officers who used excessive force and failing to supervise officers and these customs or policies were the "moving force" behind the constitutional violations "exacted upon John Cervantes and was the "cause in fact"

of his injuries." Plaintiffs also bring a "wrongful death" claim, assault claim, and a claim under the Texas Tort Claims Act.

### III. First Motion to Dismiss

On November 15, 2006, this Court granted in part and denied in part Defendants' first motion to Dismiss. *See* Docket no. 37. Subsequently, Intervenor Henry B. Cervantes filed an Amended Complaint (docket no. 48). Defendants now file their second motion to dismiss.

### IV. Second Motion to Dismiss

Defendant Officers Montes and Barnes file this second motion to dismiss to preserve their defense of qualified immunity. Officers Montes and Barnes also assert in this second motion a claim of official immunity regarding the intentional tort claims and the Texas Tort Claims Act ("TTCA") claim. Further, they argue that Plaintiffs have sued the City, Montes, and Barnes under the TTCA for the negligent use of tangible personal property. Plaintiffs argue that Plaintiffs have made an irrevocable election pursuant to Tex. Civ. Prac. & Rem. Code § 101.106 and that the TTCA negligence claim asserted against them in their individual capacities should be dismissed.

### V. Legal Analysis

**A.   Standard of review for motion to dismiss**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. Motions to dismiss are

disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

**B.     Failure to file a Rule 7 reply**

In its previous Order granting in part and denying in part Defendants' first motion to dismiss, the Court ordered Plaintiffs to file a Rule 7 reply to Defendants' qualified immunity defense to the section 1981 claims against Officers Montes and Barnes, the section 1983 individual capacity claim against Officer Barnes for failure to protect from the use of excessive force, and the section 1983 individual capacity claims against Officers Montes and Barnes for deprivation of the right to familial association.  The Court stated that it would postpone ruling on the motion to dismiss these claims pending receipt of a Rule 7 reply to Defendants' qualified immunity defense.

The Rule 7 reply was initially due on November 28; however, this deadline was extended to January 31, 2007.  *See* Docket No. 42.  Plaintiffs' counsel, Mr. Myart, failed to file a Rule 7 reply by the deadline.  Furthermore, the Amended Complaint filed by Intervenor Henry B. Cervantes did not address these claims.  Consequently, the section 1981 claims against Officers Montes and Barnes, the section 1983 individual capacity claim against Officer Barnes for failure to protect from the use of excessive force, and the section 1983 individual capacity claims against Officers Montes and Barnes for deprivation of the right to familial association are DISMISSED for failure to file a Rule 7 reply and failure to state a claim upon which relief may be granted.

### C. Qualified Immunity

For the reasons stated in the Court's previous order, the motion to dismiss the section 1983 individual capacity claims against Officer Montes for (1) the use of excessive force and (2) deprivation of a pretrial detainee's constitutional right to medical care is DENIED. Similarly, the motion to dismiss the section 1983 individual capacity claim against Officer Barnes for deprivation of a pretrial detainee's constitutional right to medical care is DENIED.

### D. Official Immunity

The Officers argue that official immunity bars the state law intentional tort claim of assault alleged against them. In its previous Order granting in part and denying in part Defendants' first motion to dismiss, the Court refused to dismiss the state law intentional tort claims against the Officers, but the Court did not address whether the Officers have official immunity to the assault claim. Under Texas law, government officials are entitled to immunity from suit arising under performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *Austin v. Johnson*, 328 F.3d 204, 211 (5th Cir.2003); *see also City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). The "good faith" test applied by Texas law in determining official immunity is evaluated under substantially the same standard used for qualified immunity determinations in section 1983 actions. *See Meadours v. Ermel*, No. 05-20764, 2007 WL 968124, *5 (5th Cir. April 2, 2007); *see Mowbray v. Cameron County*, 274 F.3d 269, 280 (5th Cir.2001); *see also City of Lancaster*, 883 S.W.2d at 656 (equating the good faith test to a test of objective legal reasonableness); *but see Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 885 (5th Cir.2004) ("Determining official immunity under state law is distinct from the federal test of qualified immunity because the former focuses solely on the objective legal

5

reasonableness rather than the clearly established inquiry"). Any difference between the qualified immunity standard and the official immunity standard is immaterial for purposes of this motion to dismiss; therefore, the Court will deny the motion to dismiss the assault claim against Officer Montes for the same reasons it denied the motion to dismiss the section 1983 excessive force claim against him. Plaintiffs' allegations, if true, might establish that the actions of Officer Montes were not objectively reasonable. The motion to dismiss the assault claim against Officer Montes based on official immunity is DENIED.[1]

The motion to dismiss the assault claim against Officer Barnes based on official immunity is GRANTED. Plaintiffs have not alleged a valid assault claim against Officer Barnes because she did not shoot the decedent. Thus, the only remaining state law intentional tort claim in this case is the assault claim against Officer Montes.

E.  **Texas Tort Claims Act: Intentional Torts**

Officer Montes asserts that he is entitled to have the assault claim against him dismissed under the Texas Tort Claims Act election of remedies provision. TEX. CIV. PRAC. & REM. CODE § 101.106. As stated in the Court's previous order, the Texas Tort Claims Act, including the election of remedies provision, does not apply to intentional torts. The Fifth Circuit recently rejected the Officer Montes' section 101.106 argument because the TTCA does not apply to intentional torts. *Meadours*, 2007 WL 968124, *6 ("Furthermore, we find that Texas Civil Practice and Remedies Code § 101.106(a) does not bar Plaintiffs' [excessive force] suit [against the police officers] in this case. That statute, barring suits against governmental employees if plaintiffs bring suit against the

---

[1]Based on the allegations contained in the Plaintiffs' Complaint and the Intervenor's Amended Complaint, it appears that the only intentional tort claim alleged against the Officers is assault. *See* Amended Complaint, ¶ 34; Complaint, ¶ 56.

governmental unit, does not apply to intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) (excluding from the entire chapter claims "arising out of assault, battery, false imprisonment, or any other intentional tort")"). Accordingly, section 101.106(e) does not mandate dismissal of the intentional tort claims directed against Officer Montes. Officer Montes' motion to dismiss the intentional tort claim against him based on the election of remedies provision is DENIED. The Court's previous Order dismissed all state law intentional tort claims against the City based on the intentional tort exception of the TTCA.

### F.    Texas Tort Claims Act: Negligence

In his Amended Complaint, Intervenor Henry B. Cervantes alleges negligence claims against the City and Officer Montes under the TTCA. Intervenor alleges that the City negligently failed to adequately train and supervise the Officers and had an "unwritten policy authorizing the shooting of persons without necessity." The Intervenor alleges that Officer Montes negligently killed the decedent, and the City is liable for the negligent shooting under the TTCA. *See* Amended Complaint, ¶ 39 ("The death of John Cervantes was brought about and caused to occur, directly and proximately, by the negligence of Defendants Reynaldo Montes and Rachel Barnes. The liability of Defendant City of San Antonio is both direct and vicarious for such actions of the individual Defendants"). Intervenor alleges that this negligent act falls with the sovereign immunity waiver of the TTCA because the death "was caused in part by the use or misuse of tangible personal property, namely a gun and bullets." *Id.* at ¶ 41.

The Court's previous Order dismissed the state law negligent hiring/training/supervision claim against the City and the state law wrongful death claim against the City. The Court believes that it properly disposed of these negligence claims against the City. Plaintiffs must satisfy the

heightened standard of section 1983 to prevail on this type of claim.

The City is not liable under the TTCA for the "negligent shooting" of decedent by Officer Montes because that shooting was an intentional act. *Pineda v. City of Houston*. 175 S.W.3d 276, 282 (Tex. App.–Houston [1st Dist.] 2004, no pet.); *see City of Waco v. Williams*, 209 S.W.3d 216, 221 (Tex. App.–Waco 2006, pet. denied) ("Under both lines of cases, we find that the Williams' claims allege an intentional tort and that section 101.057 applies to except the claims from the TTCA's waiver of sovereign immunity. Plainly, under the *Petta* line of cases, the Williams have alleged claims that 'arise out' of the officers' use of force–repeated Tasering–against the decedent, which allege the intentional tort of assault"); *see Harris County v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.–Houston [1st Dist.] 2005, no pet.) ("Here, the gravamen of appellee's claim is that a Harris County sheriff wrongfully shot appellee . . . . If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA").

Although Plaintiffs attempt to characterize the shooting as a "negligent shooting," the facts alleged in the Complaint contradict this assertion. Rivera alleges that she was standing five to six feet from Cervantes when Officer Montes entered the bedroom and fired his revolver at Cervantes without any warning or command and without identifying himself. *See Cabazos*, 177 S.W.3d at 112 ("In this case, appellee alleged in his petition that Haynes was negligent in discharging his pistol and in effectuating appellee's arrest . . . . However, despite appellee's efforts to phrase his claims in terms of negligence, his focus is on the shooting of appellee. Appellee is attempting to circumvent the intentional tort exception in the manner expressly disapproved by the Texas Supreme Court in *Delaney*"). This case does not involve the accidental discharge of a weapon by a police officer; it

involves an intentional shooting.

Plaintiffs have alleged a valid wrongful death claim against Officer Montes based on assault. Because Officer Barnes did not commit the assault, Plaintiffs have not alleged a valid wrongful death claim against her. Intervenor alleges that the death of Cervantes was caused by the negligence of Officer Montes who fired upon the decedent "when unsafe and/or unnecessary to do so." Amended Complaint, ¶¶ 37-41. The Amended Complaint does not support its negligence claim against Officer Barnes with any facts. The Court concludes that Intervenor has not alleged a valid negligence claim against Officer Barnes. The Amended Complaint states that Cervantes' death was caused by the "misuse of tangible personal property, namely a gun and bullets." Officer Barnes is not liable for assault or negligence because she did not shoot the decedent. The motion to dismiss the wrongful death claim against Officer Barnes is GRANTED.

**G.     Overview of the surviving claims in this case**

In order to clarify, the following claims remain pending in this case:

1. The section 1983 individual capacity claims against Officer Montes for (1) the use of excessive force and (2) deprivation of a pretrial detainee's constitutional right to medical care.

2. The section 1983 individual capacity claim against Officer Barnes for deprivation of a pretrial detainee's constitutional right to medical care.

3. The section 1983 claims against the City .

4. The state law wrongful death claim against Officers Montes in his individual capacity based on assault. The City is not vicariously liable for this wrongful death claim under the TTCA.

## VI. Conclusion

Defendants' motion to dismiss (docket no. 55) is GRANTED IN PART AND DENIED IN PART.

It is so ORDERED.

SIGNED this 9th day of May, 2007.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE